Filed 9/21/16  P. v. Mendoza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051570 |
| v. | (Super. Ct. No. 13CF0146) |
| ESTIVALLIS MENDOZA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Thea Greenhalgh, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

INTRODUCTION

Defendant Estivallis Mendoza appeals from an order granting her petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18). (All further statutory references are to the Penal Code, unless otherwise noted.) Defendant had pleaded guilty to one felony count of possession of a controlled substance and was sentenced to a 16-month prison term. Although she agrees with the trial court's reduction of her felony conviction to a misdemeanor, defendant contends the court erred by ordering her to serve one year on parole. Defendant argues she had already completed her sentence within the meaning of section 1170.18, preventing the trial court from ordering a term of parole. We affirm the order imposing a parole term.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant was charged with felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and misdemeanor driving without a valid license (Veh. Code, § 12500, subd. (a)). The felony complaint alleged a juvenile adjudication of a prior serious and violent felony (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)); and two prior prison terms (§ 667.5, subd. (b)), one of which was for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).

On the People's motion, the Vehicle Code violation was dismissed. In January 2013, defendant pled guilty to the Health and Safety Code violation. The trial court exercised its discretion and struck the prior prison term allegations for sentencing purposes only. The court sentenced defendant to 16 months in state prison. Restitution fines in the amount of $280 were imposed, pursuant to sections 1202.4 and 1202.45.

In February 2015, defendant filed a petition for resentencing and to reduce the felony possession charge to a misdemeanor, pursuant to section 1170.18, subdivision (f). The court granted the petition pursuant to section 1170.18, subdivision (a), ordered defendant to serve 365 days in county jail, which was deemed served, and placed her on parole for one year, pursuant to section 1170.18, subdivision (d). The court also reinstated any previously stayed fines. Defendant timely filed a notice of appeal.

DISCUSSION

Defendant contends the trial court erred by ordering her to serve a one-year parole period. Defendant argues that because she had completed her prison term, she came within section 1170.18, subdivision (f), which does not authorize the imposition of a one-year parole period. Defendant's contention is without merit because she had not completed her "sentence" within the meaning of section 1170.18, subdivision (f), and, thus, she was properly resentenced and placed on parole under section 1170.18, subdivisions (a), (b), and (d).

In 2014, the voters enacted Proposition 47, which makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. (*People v. Morales* (2016) 63 Cal.4th 399, 404.) Those offenses previously had been designated either as felonies or as crimes that can be punished as either felonies or misdemeanors. (*Ibid.*)

Proposition 47 added, among other things, section 1170.18 to the Penal Code. (*People v. Morales*, *supra*, 63 Cal.App.4th at p. 404.) Section 1170.18 is a resentencing provision that provides two distinct remedies depending on whether the person seeking relief has completed the sentence for the conviction. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092-1093.) When the person is currently serving the sentence, section 1170.18, subdivision (a) governs: "A person currently serving a

3

sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ." (§ 1170.18, subd. (a); *People v. Rivera*, *supra*, at p. 1092.)

When the person has completed the sentence, section 1170.18, subdivision (f) governs: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f); *People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1093.)

If the trial court determines the criteria for relief under section 1170.18, subdivision (a) are satisfied, then the felony sentence is recalled and the person is resentenced to a misdemeanor, unless the court determines that resentencing the person would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).) Section 1170.18, subdivision (d) provides that a person who is resentenced pursuant to section 1170.18, subdivision (b) "shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18, subd. (d).)

If the court determines the criteria for relief under section 1170.18, subdivision (f) are satisfied, then "the court shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).) The person obtaining relief under section 1170.18, subdivision (f) is not resentenced and is not subject to the one-year parole term of section 1170.18, subdivision (d).

4

Defendant contends the trial court did not have authority to impose parole under section 1170.18, subdivision (d) because she had satisfied the criteria for relief under section 1170.18, subdivision (f). She argues the word "sentence," as contained in section 1170.18, subdivisions (a) and (f), refers only to the term of imprisonment itself. Therefore, the argument continues, defendant completed her sentence because she had completed her term of imprisonment, although she was on a form of supervised release.

In the respondent's brief, the Attorney General argues the word "sentence" in section 1170.18, subdivisions (a) and (f) refers not only to the term of imprisonment but also to the corresponding period of parole or postrelease community supervision (PRCS). The Attorney General cites, inter alia, *People v. Nuckles* (2013) 56 Cal.4th 601, 609, in which the California Supreme Court held "parole is a mandatory component of any prison sentence."

The resolution of this appeal, therefore, turns on the meaning of the word "sentence" in section 1170.18, subdivisions (a) and (f). We review issues of statutory interpretation de novo (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916), including statutes added to the Penal Code by the passage of a ballot initiative (*People v. Park* (2013) 56 Cal.4th 782, 796). "'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].'" (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

Examining section 1170.18 as a whole reveals that it uses the word "sentence" differently in section 1170.18, subdivisions (a), (b), and (f) from its use in section 1170.18, subdivision (d). In section 1170.18, subdivisions (a), (b), and (f), the word "sentence" refers to a pre-Proposition 47 *felony* sentence. Section 1170.18, subdivision (a) applies to a "person currently serving a sentence for a conviction . . . of a

5

*felony* or *felonies*," subdivision (b) provides for the recall of "the petitioner's *felony* sentence," and subdivision (f) applies to a "person who has completed his or her sentence for a conviction . . . of a *felony* or *felonies*."  (Italics added.)

In contrast, section 1170.18, subdivision (d) provides that a "resentenced" person "shall be subject to parole for one year following completion of his or her *sentence*" (italics added), thus referring to the new misdemeanor sentence to which the court has resentenced the person, not to the original felony sentence.  Consequently, the language of section 1170.18 itself, in its varying use of the term "sentence," does not answer the question whether the determinate felony "sentence" in section 1170.18, subdivisions (a) and (f) refers to the term of imprisonment alone or also to the following period of parole/PRCS.

We consider the use of the word "sentence" in section 1170.18, subdivisions (a) and (f) in the context of the overall statutory scheme governing determinate felony sentences.  Section 3000 expressly applies to such sentences, stating that it applies to sentences "resulting in imprisonment in the state prison pursuant to Section 1168 or 1170."  (§ 3000, subd. (a)(1).)  Section 3000, subdivision (a)(1) requires that a determinate felony sentence "shall include" a period of parole supervision or PRCS.  Section 1170, subdivision (c) recognizes the expansive scope of the nature of a determinate felony sentence, providing in relevant part:  "The court shall state the reasons for its sentence choice [of the low, middle, or upper prison term] on the record at the time of sentencing.  The court shall also inform the defendant that *as part of the sentence* after expiration of the term he or she may be on parole for a period as provided in Section 3000."  (Italics added.)

Sections 3000, subdivision (a)(1) and 1170, subdivision (c) show that in the overall statutory scheme governing determinate felony sentences, a determinate felony *sentence* encompasses not only a prison term but also a period of parole supervision or PRCS.  Section 3000 was last amended effective September 2014 in a manner that did

6

not affect the above quoted language (Stats. 2014, ch. 442, § 11). As of the time defendant was resentenced, section 1170, subdivision (c) had last been amended in 2008 (Stats. 2008, ch. 179, § 180, p. 843, superseded by Stats. 2008, ch. 416, § 1, p. 3162). Proposition 47 was enacted by the voters on November 4, 2014, and went into effect the next day. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)

The California Supreme Court has held: "The enacting body is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted. [Citation.] This principle applies to legislation enacted by initiative." (*People v. Weidert* (1985) 39 Cal.3d 836, 844; see *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 283 ["'Generally, the drafters who frame an initiative statute and the voters who enact it may be deemed to be aware of' existing law."].) We therefore presume that the voters who enacted Proposition 47, along with the proposition's drafters, were aware that the law defines a determinate felony sentence to include a prison term and a period of parole/PRCS, and intended that the felony "sentence" referred to in subdivisions (a) and (f) of section 1170.18, be understood to include a prison term and a period of parole/PRCS.

The record is clear that at the time of her petition under section 1170.18, defendant had completed her term of imprisonment imposed for her felony conviction, but had not completed the requisite period of parole supervision or PRCS. She therefore had not yet completed her sentence within the meaning of section 1170.18, subdivision (f). The trial court properly redesignated defendant's felony conviction as a misdemeanor, resentenced her, and imposed a one-year period of parole under section 1170.18, subdivisions (a), (b), and (d).

Defendant also argues that the trial court abused its discretion by imposing a one-year parole period under section 1170.81, subdivision (d). As noted *ante*, that subdivision requires that the court impose a one-year parole period on a person resentenced under subdivision (b) unless the court exercises its discretion to release him

7

or her from parole. Defendant claims it was unfair to impose the parole term because she did not get out of prison any earlier as a result of resentencing. Even with the year of parole, defendant was excused from more than six months of postrelease supervision. Further, going back to defendant's original sentencing, the trial court dismissed her prior conviction and prior prison term allegations for purposes of sentencing. It was appropriate for the trial court to decide after resentencing that because of the existence of those prior convictions and prison terms, defendant would benefit from one year of parole supervision following redesignation of her felony conviction as a misdemeanor.

Finally, defendant argues that the trial court erred by imposing the same restitution fines as it originally did. When defendant committed the crimes at issue in this case, the minimum restitution fine and PRCS revocation restitution fine for felonies were $280. (§§ 1202.4, subd. (b)(1), 1202.45, subd. (b).) The minimum fine for a misdemeanor was $140, and the maximum was $1,000. (§ 1202.4, subd. (b)(1).)

At defendant's original sentencing hearing, the trial court imposed fines of $280 each. At the hearing on defendant's petition for resentencing, defendant did not argue that the fines should be reduced. The Attorney General argues that the failure to request a reduction on the fine amounts constitutes a waiver of the right to challenge the fines on appeal. Defendant argues that because the amounts of the fines imposed were not authorized by statute, it is an unauthorized sentence that may be challenged at any time.

The problem with defendant's argument is that the fines imposed are authorized by statute. The authorized fines for misdemeanors ranged from $140 to $1,000. (§ 1202.4, subd. (b)(1).) Because the fines imposed were within the statutorily authorized range, defendant's failure to object to the fines at the hearing on her petition for resentencing waived the objections on appeal.

8

DISPOSITION

The order is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.